UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIE T. SMITH,<br>     #91949 | )<br>)<br>) | |
| Plaintiff, | ) | 2:10-cv-01415-JCM-RJJ |
| vs. | )<br>) | |
| DWIGHT W. NEVENS, et al., | ) | **ORDER** |
| Defendants. | )<br>) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #2). Plaintiff has filed a motion for appointment of counsel (docket #3). The court now reviews the complaint and plaintiff's motion.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case (docket #3). A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. However, the instances in which a court will make such a request are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir.

1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The court will not enter an order directing the appointment of counsel. While plaintiff has asserted generally that he is mentally ill and further that his medication is mood-altering and causes him to hear voices, as set forth below, plaintiff has demonstrated his ability to articulate his claims in *pro se.* Plaintiff's motion for the appointment of counsel is denied.

**II. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**III. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP Wardens Anthony M. Scillia and Dwight W. Nevens, HDSP Associate Warden of Programs ("AWP") Jennifer Nash, caseworkers David Fierro, Kenneth Triggs, Lt. Darin Cool, Sgt. Provencal, officers Starling and Avalos, and Lt. Bruce Stroud.  Plaintiff alleges that he has suffered retaliation for filing grievances, and claims violations of his Fourth and Fourteenth Amendment rights.

**A. Count I**

In count I, plaintiff alleges that his Fourteenth Amendment rights have been violated in two ways: (1) because he was "kicked out" of the education program; and (2) because he was denied employment as a porter. However, generally, a prisoner has no constitutional right to rehabilitation or education while in prison. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir.1985). Nevada has not created a protected liberty or property interest in its educational or vocational prison programs. *See* Nev.Rev.Stat. § 209.389(4). Nor does an inmate have a constitutional right to work. *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 845 (9th Cir.1985). See Nev.Rev.Stat. § 209.461(6) ("The provisions of this chapter do not create a right on behalf of the offender to employment . . . ."). These allegations fail to state claims for which relief may be granted.

However, also in count I, plaintiff alleges that on March 23, 2010, he filed a grievance regarding the denial of employment and that Nash summoned him to the caseworker's office and threatened to lock him in the "hole" if he filed another grievance. Plaintiff also claims that defendants Starling, Avalos and Provencal searched his cell in retaliation for filing grievances. "A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Such claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the

allegedly retaliatory action.  *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).  Finally, the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged retaliatory action.  *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes*, 408 F.3d at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of his [or her] First Amendment rights to file grievances and to pursue civil litigation in order to perfect a retaliation claim.  Speech can be chilled even when not completely silenced.") (emphasis in original); *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001).  In count I, plaintiff states retaliation claims against defendants Nash, Starling, Avalos and Provencal.

### B. Count II

In count II, plaintiff challenges the same searches discussed in count I as also violating his Fourth Amendment rights.  However, prisoners have no Fourth Amendment right of privacy in their cells.  Therefore, plaintiff does not state a separate Fourth Amendment claim with respect to the cell search.

### C. Count III

Plaintiff claims his Fourteenth Amendment due process rights were violated during disciplinary proceedings.  Plaintiff claims that when he refused to speak at his June 1, 2010, hearing, he was removed from the proceedings.  Plaintiff asserts that the hearing should have been postponed in order "to determine [his] mental state."  Plaintiff does not allege that he was mentally incapable of participating in the hearing.

"Prisoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  When a prisoner faces

disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. Plaintiff states that he refused to speak at his disciplinary hearing; he may elect not to participate in disciplinary proceedings, but he may not then challenge the hearing as unconstitutional. Plaintiff sets forth no allegations related to the disciplinary hearing that implicate his Fourteenth Amendment due process rights.

However, plaintiff also alleges that there is effectively no grievance process available for appeal of disciplinary decisions because the staff refused to provide him grievance forms. Plaintiff brought this issue to Warden Nevens' attention, but the warden did not respond. In count III, plaintiff states a due process claim against defendant Neven for the failure to provide him with grievance forms.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #2) is **GRANTED.** Plaintiff **Willie T. Smith, Inmate No. 91949**, will be permitted to maintain this action to conclusion without prepayment of the full filing fee. Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

1 **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915, as amended by the
2 Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the Clerk of
3 the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's
4 account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this
5 action.  **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services,**
6 **Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

7 **IT IS FURTHER ORDERED** that the Clerk shall file the complaint (docket #2-1).

8 **IT IS FURTHER ORDERED** that plaintiff's retaliation claims against defendants Nash,
9 Starling, Avalos and Provencal set forth in count I **MAY PROCEED**.

10 **IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims in count
11 I are **DISMISSED**.

12 **IT IS FURTHER ORDERED** that count II is **DISMISSED**.

13 **IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claim
14 against defendant Neven set forth in count III **MAY PROCEED**.

15 **IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claim
16 against defendant Stroud set forth in count III is **DISMISSED**.

17 **IT IS FURTHER ORDERED** that defendants Scillia, Fierro, Triggs, Cool, and Stroud
18 are **DISMISSED** from this action**.**

19 **IT IS FURTHER ORDERED** as follows:

20 1. The Clerk **shall electronically serve a copy of this order, including the attached Notice**
21 **of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office**
22 **of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

23 2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date
24 of entry of this order whether it can accept service of process for the named defendants.  As to any of
25 the named defendants for which the Attorney General's Office cannot accept service, the Office shall
26 file, *under seal*, the last known address(es) of those defendant(s).

1    3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file excess pages (docket #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #3) is **DENIED**.

DATED this 16th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE