# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE T. SMITH, #91949, <br><br> Plaintiff, <br><br> vs. <br><br> DWIGHT W. NEVENS, et al., <br><br> Defendants. | 2:10-cv-01415-JCM-RJJ <br><br> **ORDER** |

Presently before the court is defendants Jennifer Nash's, Dwight W. Nevens', Sergeant Provencal's, and correctional officer Starling's motion to dismiss. (Doc. #27). The plaintiff has responded (doc. #29), and the defendants have replied (doc. #32). Defendant correctional officer Avalos has also filed a joinder to the motion to dismiss. (Doc. #36).

The defendant filed the instant prisoner civil rights action on December 16, 2010 (doc. #5). Thereafter, the court screened the complaint, finding that the plaintiff had stated a claim for retaliation in count one against defendants Nash, Starling, Avalos, and Provencal (doc. #8 at 5:10–11) and a due process claim in count three against defendant Nevens (*id.* at 6:12–13). Defendants now bring the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. (Doc. #27).

1    Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available
2 administrative remedies before bringing a federal action. 42 U.S.C. § 1997e(a). Exhaustion is an
3 affirmative defense, *Jones v. Bock*, 549 U.S. 199, 211–12 (2007), under which defendants have the
4 burden of proving that further administrative remedies are available to the plaintiff, *Brown v. Valoff*, 422
5 F.3d 926, 936 (9th Cir. 2005). In deciding a motion to dismiss for failure to exhaust administrative
6 remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt v. Terhune*,
7 315 F.3d 1108, 1119–20 (9th Cir. 2003). The proper remedy where the defendant can show that a claim
8 has not been exhausted is dismissal without prejudice. *See Wyatt*, 315 F.3d at 1119 (failure to exhaust
9 administrative remedies is not decision on the merits).

10   A prison inmate in Nevada satisfies the administrative exhaustion requirement by following the
11 procedures of administrative regulation ("AR") 740 (docs. #27-3, 27-4), which requires one informal
12 and two formal levels of review (*id.* at 10, §1.1 "Levels of Review"). An inmate must first file and
13 receive a response to an informal grievance before moving on to the second levels. *Id.* The plaintiff must
14 have complied with all of the Nevada prison system's procedural rules so that the agency addresses the
15 issue on its merits before the plaintiff files a legal action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

16   The court has reviewed plaintiff's inmate issue history (docs. #27-1, 27-2) and finds that Smith
17 has failed to exhaust the established grievance process. Specifically, plaintiff never filed any grievances
18 regarding his claims that (1) defendant Nash threatened to lock him in the hole, and (2) on May 12, 2010,
19 defendants Starling, Avalos, and Provencal searched his cell, both allegedly in retaliation for his having
20 filed grievances. Additionally, plaintiff failed to file a first or second level formal grievance following
21 his informal complaints that (1) on April 19, 2010, defendant Starling entered his cell and took his
22 glasses and legal papers, and (2) defendant Neven never responded to plaintiff's complaint that he could
23 not obtain grievance forms.

24   The court also finds plaintiff's allegation that he was denied access to grievance forms
25 insufficient to defeat defendants' affirmative defense of administrative exhaustion. Although plaintiff
26 has attached to the complaint (doc. #5) a document wherein he complained that neither his unit nor his

1 caseworker had any available grievance forms, the "official response" in his record authorized plaintiff
2 to "use plain or lined paper if kites are not available." (Doc. #27-1 at 2). Thereafter, plaintiff nonetheless
3 failed to file a first or second level formal grievance. Thus, the court finds no reason to excuse plaintiff
4 from the administrative exhaustion requirements.
5    Accordingly,
6    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss
7 (doc. #27) is GRANTED;
8    IT IS FURTHER ORDERED that the case is dismissed without prejudice.
9    Dated this 25th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE